# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40777
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARMEN ALONZO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1311-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Carmen Alonzo pleaded guilty to engaging in illicit sexual conduct in foreign places in violation of 18 U.S.C. § 2423(c), and he was sentenced within the Guidelines to 72 months of imprisonment. He appeals his conviction and sentence claiming that (1) the district court erred in denying his motion to withdraw his guilty plea, and in applying a two-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40777

enhancement under U.S.S.G. § 2G1.3(b)(2)(B), and (2) his sentence is greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a).

The record does not reflect, and Alonzo has not shown, that the district court's decision to deny his motion to withdraw his guilty plea was based on an error of law or a clearly erroneous assessment of the evidence. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). The district court did not abuse its broad discretion in denying the motion to withdraw his guilty plea. *Id.*; *see United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).

Although Alonzo preserved his challenge to the application of § 2G1.3(b)(2)(B), his assertion that he "did nothing to compromise the victim's volition" is insufficient to rebut the presumption that there was "some degree of undue influence" based on the "substantial difference in age between" him and the minor. *See* § 2G1.3, comment. (n.3(B)). The district court did not commit any procedural error by applying the enhancement.

Our review of Alonzo's sentence for substantive reasonableness is limited to plain error because he did not object on that ground in the district court. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). In support of his contention, Alonzo asserts that the erroneous application of the § 2G1.3(b)(2)(B) enhancement resulted in a sentence greater than necessary to provide adequate deterrence and protect the public.

Alonzo has not demonstrated that his within-Guidelines sentence fails to account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has thus failed to show that the district court plainly erred in imposing the within-Guidelines sentence.

The judgment of the district court is AFFIRMED.